**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VIKKI CHZHEN AS EXECUTRIX FOR THE ESTATE OF VLADIMIR CHEN, | Civil Action No.: |
| Plaintiff(s), | |
| v. | **NOTICE OF REMOVAL** |
| TESLA, INC., KIM LAM, MIKE P. GAO, STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, GEICO (GOVERNMENT EMPLOYEES INSURANCE COMPANY), John Does 1-10 (fictitious entities), ABC Corporations 1-10 (fictitious entities), XYZ Corporations (fictitious entities), ABC Public Entities 1-10 (fictitious entities), and ABC Insurance Carriers 1-10 (fictitious entities), et al. | |
| Defendant(s). | |

In accordance with 28 U.S.C. §§ 1441 and 1446, Tesla, Inc. ("Tesla") removes to this Court from the Superior Court of the State of New Jersey, County of Camden, the above-titled action commenced by Plaintiff Vikki Chzhen as Executrix for The Estate of Vladimir Chen, ("Plaintiff"), on the following grounds:

## FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff commenced a civil action against Tesla, in the Superior Court of the State of New Jersey, County of Camden, alleging claims sounding in strict liability, breach of warranty, negligence, dangerous condition of property, nuisance, dangerous condition of roadway activity, and claims under the New Jersey Wrongful Death Act and the New Jersey Survival Act as a result of a rear-end motor vehicle accident that occurred on January 26, 2020.  (*See* Certification of Erica

S. Mekles ("Mekles Cert."), Ex. A).

2.　　　Plaintiff alleges that on January 26, 2020, Plaintiff's Decedent Vladimir Chen ("Plaintiff's Decedent Chen") was stopped in his vehicle in the cash lane of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike in Camden, New Jersey when he was rear-ended by a 2019 Tesla Model X, bearing VIN 5YJXCAE26KF181423 driven by Defendant Kim Lam ("Defendant Lam") and owned by Defendant Mike P. Gao.  (*See* Mekles Cert. ¶ 3, Ex. A at ¶ ¶ 24, 26-27, 32).

3.　　　According to Plaintiff, Defendant Lam informed responding police officers that the 2019 Model Tesla X she was operating accelerated without her hitting the accelerator. (*See* Mekles Cert. ¶ 3, Ex. A at ¶ 31).

4.　　　Plaintiff contends that as a result of the foregoing, Plaintiff's Decedent Chen passed away due to injuries sustained in the aforementioned accident.  (*See* Mekles Cert. ¶ 3, Ex. A at ¶ 33).

5.　　　Plaintiff filed this action on or about March 16, 2022.  (*See* Mekles Cert., Ex. A).

## DIVERSITY JURISDICTION

6.　　　This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, because Plaintiff and the Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. DIVERSITY OF CITIZENSHIP

7.　　　Tesla has continuously been incorporated under the laws of the state of Delaware with its principal place of business in Austin, Texas.

8.　　　Defendant Lam and Defendant Mike P. Gao are both residents of Roslyn, New York. (*See* Mekles Cert. ¶ 3, Ex. A at ¶ 1, 2).

9.　　　Plaintiff's Decedent Chen resided in Manalapan, New Jersey until the time of his

death.  (*See* Mekles Cert. ¶ 3, Ex. A at ¶ 23). "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). Therefore, for purposes of citizenship, Vikki Chzhen is a citizen of New Jersey.

### 1.  FRAUDULENT JOINDER

10.     Plaintiff improperly named defendants State Of New Jersey, New Jersey Turnpike Commission Authority, Camden County, Borough of Runnemede, Gina M. Engels, Sharon Scott, (collectively "NJ Entities") and GEICO (Government Employees Insurance Company) to defeat diversity jurisdiction. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citizenship of "fraudulently joined" parties may be disregarded).

11.     It is axiomatic that "the 'citizens' upon whose diversity a [party] grounds jurisdiction must be real and substantial parties to the controversy." *Thomas v. John Fenwick Serv. Plaza*, 2018 WL 3954856, at *2 (D.N.J. Aug. 16, 2018)( citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 258 (3d Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)). The Third Circuit has explained that "[n]ominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

12.     Under the doctrine of fraudulent joinder, the citizenship of a person against whom the plaintiff has no genuine claim – a person whom the plaintiff has joined in what in effect is bad faith – can be ignored. *Taylor v. King*, 2012 WL 3257528, at *4 (W.D. Ky. Aug. 8, 2012) (quoting and following Comments to 28 U.S.C.A. § 1446).

### a.    Plaintiff's claims against the NJ Entities are barred by the New Jersey Tort Claims Act and as such, their citizenship must be disregarded.

13.     Generally, a public entity is "immune from tort liability unless there is a specific statutory provision imposing liability." *O'Brien v. New Jersey Tpk. Auth.*, 2022 WL 244118, at *4 (N.J. Super. Ct. App. Div. Jan. 27, 2022) (citing *Kahrar v. Borough of Wallington*, 171 N.J. 3, 10

(2012) (internal citations omitted).  Claims against a public entity for damages are governed by the New Jersey Tort Claims Act ("the Act"). *See D.D. v. Univ. of Med. & Dentistry of New Jersey*, 213 N.J. 130, 146 (2013) (citing *N.J.S.A.* 59:1–1 to 59:12–3). The Act both defines the extent of the Legislature's waiver of sovereign immunity and "establishes the procedures by which claims may be brought[.]" *Id.* (internal citations omitted). In pertinent part, N.J.S.A. 59:8-8 provides:

> Time for presentation of claims.  A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. *The claimant shall be forever barred from recovering against a public entity or public employee if*:
> . . .
> *b. Two years have elapsed since the accrual of the claim* . . .

N.J.S.A. 59:8-8(b) (emphasis added).

14.     Here, the action accrued on the date of the accident and death—January 26, 2020, making January 26, 2022 the deadline to file an action against a public entity.  Plaintiff filed the Complaint on March 16, 2022 – well past the two-year timeframe afforded by N.J.S.A. 59:8-8(b).

15.     As such, the citizenship of the NJ Entities must be disregarded as any claims Plaintiff may have had against them are "forever barred" by the plain language of N.J.S.A. 59:8-8(b).

16.     Plaintiff fraudulently joined the NJ Entities to defeat diversity jurisdiction.  Plaintiff has no genuine claims against the NJ Entities as those claims are time barred.

17.     Plaintiff's allegation that the New Jersey Supreme Court's Covid-19 Omnibus Orders "extended" all statutes of limitations by 55 days[1] is contrary to the plain language of those Orders and therefore the intention of the New Jersey Supreme Court when it issued the Orders.  The New Jersey Supreme Court's Omnibus Orders expressly deemed the period from March 16, 2020 through

---

[1] *See* Compl. ¶ 54-55.

May 10, 2020 a "legal holiday," thereby making filing deadlines that fell within the period fall on the following business day—May 11, 2020. The New Jersey Supreme Court's Omnibus Orders repeated the "legal holiday" language in its Orders dated March 17, 2020; March 27, 2020; April 24, 2020 and "affirmed" that rationale in its May 28, 2020 and June 11, 2020 Orders. Although the trial court in the New Jersey Superior Court – Camden County extended the statute of limitations, which is a different context, the trial court's rationale was not sound and is not binding on this Court. Under the *Erie* doctrine, in the absence of authoritative guidance, the Third Circuit is required to predict how the New Jersey Supreme Court would rule if presented with a question of first impression under New Jersey state law. *Holmes v. Kimco Realty Corp*., 598 F.3d at 116, 118 (3d Cir. 2010) (quoting *Repola v. Morbank Indus., Inc.*, 934 F.2d 483, 489 (3d Cir. 1991)). The District Court in *Holmes* similarly noted that it was required to predict what the New Jersey Supreme Court would do. *Id.*

18.     Even if the Court finds that Plaintiff's claims against the NJ Entities are within the timeframe permitted by N.J.S.A. 59:8-8(b), those entities are still fraudulently joined or do not destroy diversity for the reasons set forth below.

**b.     The State of New Jersey is immune from suit and its citizenship is not considered for purposes of diversity jurisdiction.**

19.     A state is not a citizen of a state for diversity of citizenship jurisdiction purposes. *Highway Comm. v. Utah Co.*, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929); *S.J. Groves & Sons Co. v. New Jersey Turnpike Authority*, 268 F.Supp. 568 (D.N.J.1967). Plaintiff named the State of New Jersey as a defendant. However, as the citizenship of the State of New Jersey is not considered for purposes of diversity jurisdiction, New Jersey's presence as a defendant does not destroy diversity.

**c.     Plaintiff fraudulently joined the New Jersey Turnpike Commission Authority and the Complaint merely makes conclusory statements that do not meet the federal pleading standard.**

20.     The New Jersey Turnpike Commission Authority ("NJTA") is a public entity within the meaning of N.J.S.A. 59:1–3. *Bellocchio v. New Jersey Dep't of Envtl. Prot.*, 16 F. Supp. 3d 367, 381 (D.N.J. 2014), *aff'd,* 602 Fed. Appx. 876 (3d Cir. 2015).  *Nat'l Amusements, Inc. v. New Jersey Tpk. Auth.,* 261 N.J.Super. 468, 619 A.2d 262, 268 (N.J.Super.L.Div.1992), *aff'd,* 275 N.J.Super. 134, 645 A.2d 1194 (N.J.Super.Ct.App.Div. 1994.  A public entity is "immune from tort liability unless there is a specific statutory provision imposing liability." *O'Brien v. New Jersey Tpk. Auth.*, 2022 WL 244118, at *4 (N.J. Super. Ct. App. Div. Jan. 27, 2022) (citing *Kahrar v. Borough of Wallington*, 171 N.J. 3, 10 (2012) (internal citations omitted).  "That 'immunity from tort liability is the general rule and liability is the exception.'" *D.D. v. Univ. of Med. & Dentistry of New Jersey*, 213 N.J. 130, 134 (2013) (citing *Coyne v. State Dep't of Transp.,* 182 *N.J.* 481, 488, 867 *A*.2d 1159 (2005); *Garrison v. Twp. of Middletown,* 154 *N.J.* 282, 286, 712 *A*.2d 1101 (1998)).

21.     In addition to general immunity for public entities set forth in N.J.S.A 59:2-1, there are various separate immunities set forth the in the New Jersey Tort Claims Act that identify specific immunities that are implicated in this action but for which Plaintiff has set forth no facts demonstrating a viable exception to immunity.   By way of example: 1) N.J.S.A. 59:2-3 (Discretionary Activities); N.J.S.A. 59:2-6 (Failure to Inspect or Negligent Inspection of Property); N.J.S.A. 59:4-2 (Dangerous Conditions); N.J.S.A. 59:4-3 (Actual/Constructive Notice); N.J.S.A. 59:4-5 (Failure to Provide Ordinary Traffic Signals); N.J.S.A. 59: 4-6 (Plan or Design Immunity); and N.J.S.A. 59:5-4 (Failure to Provide Police Protection).

22.     Plaintiff has failed to plead any particular facts to support genuine claims against the NJTA generally, let alone to overcome the numerous express immunities bestowed upon the NJTA by the New Jersey Tort Claims Act.

23.     A complaint must 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully . . . ." *Id*. (citing *Twombly*, 550 U.S. at 556).

24.     In evaluating a Complaint, the Court may "identify allegations that ... 'are not entitled to the assumption of truth'" because those allegations "are no more than conclusion[s.]" *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Iqbal*, 556 U.S. at 679)). In other words, the Court may "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id*. (*citing James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

25.     In this case, the Complaint slavishly copies language and recites in conclusory fashion elements of the New Jersey Tort Claims Act's exceptions to immunity . Plaintiff fails to set forth meaningful details regarding any dangerous condition, of any constructive or actual notice, or any conduct of the NJTA that suggests a genuine claim that would trump the robust immunity enjoyed by the NJTA. All Plaintiff's claims against the NJTA are mere threadbare recitals of the elements of a cause of action, legal conclusions and conclusory statements that must be disregarded.

26.     Plaintiff alleges that she filed the appropriate Notices of Claim in March and April of 2020. (*See* Mekles Cert., ¶ 3, Ex. A, ¶ ¶ 41-44). As such, Plaintiff has had two years to investigate her claims against the NJTA to develop facts sufficient to plead genuine claims. Yet the Complaint is so utterly devoid of any facts pertaining to the NJTA that the only available presumption is that it was filed in bad faith and to avoid diversity jurisdiction. The NJTA is fraudulently joined and its citizenship must not be considered by the Court.

       **d.     The County of Camden and Borough of Runnemede were fraudulently joined because they are irrelevant parties as the accident occurred on the New Jersey State Turnpike.**

27.     The subject accident occurred on the New Jersey Turnpike at the Southbound Interchange 3 Toll Plaza.  (*See* Mekles Cert., ¶ 3, Ex. A, ¶ 24).  The Complaint acknowledges that the NJTA, a body corporate and politic of the State of New Jersey, was responsible for the Turnpike and the Complaint fails to plead any meritorious allegations that Camden County or Runnemede had specific responsibilities for the Turnpike where the accident occurred or engaged in any conduct that would give rise to a genuine cause of action. As such, based on the allegations of the complaint, there is no basis for any genuine claims against the County and the Borough.  The County and the Borough have no real interest in this case and are therefore irrelevant and improper parties and must not be considered for diversity jurisdiction purposes.  The County of Camden and the Borough of Rummedene are sham defendants and their citizenship must be disregarded.  *See Bumberger*, 952 F.2d at 767 (holding that "[n]ominal parties are generally those without a real interest in the litigation"); *see also Thomas v. John Fenwick Serv. Plaza*, 2018 WL 3954856, at *2 (D.N.J. Aug. 16, 2018) (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 258 (3d Cir. 2013) (internal citations omitted) (holding that the 'citizens' upon whose diversity a [party] grounds jurisdiction must be real and substantial parties to the controversy." ).

**e.     Gina M. Engles and Sharon Scott are also sham defendants who were fraudulently joined to avoid diversity jurisdiction.**

28.     The Complaint alleges no facts sufficient to give rise to any genuine cause of action against the toll collectors, particularly in light of their immunity as Public Entity Employees. Plaintiff alleges that Ms. Engles and Ms. Scott failed to warn the Plaintiff's decedent of the danger posed by a vehicle being driven 80 miles an hour that suddenly swerved across three lanes to strike the rear of decedent's car.  (*See* Mekles Cert., ¶ 3, Ex. A, p. 34, ¶ g-h).  Plaintiff's claims against Ms. Engles and Ms. Scott are frivolous.  Ms. Engles and Ms. Scott are sham defendants named fraudulently and in bad faith.  Accordingly, their alleged "residences" in New Jersey as alleged in

the Complaint must be disregarded for diversity purposes.

      **f.**      **GEICO is an improper party as any underinsured claim can only be brought when the insured has recovered against the tortfeasor, and because the entire controversary doctrine is inapplicable.**

29.      Unsurprisingly, the cases Plaintiff cites[2] in the Complaint do not stand for the proposition that the entire controversary doctrine dictates that an underinsured motorist claim ("UIM") can or may be initiated with the underlying personal injury claim.  (*See* Mekles Cert., ¶ 3, Ex. A, p. 45 ¶ 9).  None of the cited cases refer to the entire controversy doctrine at all. In fact, the cited cases demonstrate that Plaintiff is *prohibited* from naming GEICO as a defendant at this point because the claims against GEICO are not ripe.  Accordingly, GEICO has been fraudulently joined and its citizenship disregarded.

30.      In *Longworth v. Van Houten*, cited by Plaintiff, the Court held, "If an underinsured tortfeasor is involved. . .his victim may not pursue his contractual UIM right against his own liability insurer until he has first recovered the tortfeasor's liability limit by settlement or judgment."  223 N.J. Super. 174, 178 (App. Div. 1988).  Plaintiff "may not pursue" his contractual claims against GEICO in this case at this time.  The claims are premature and GEICO is not a real party in interest. Furthermore, Third Circuit precedent holds that the entire controversy doctrine is an affirmative defense. *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015).  Finally, "legal and equitable relief shall be granted in any cause so that all matters in controversy between the parties may be completely determined." *Id.* (citing N.J. Const. art. VI, § 3, ¶ 4).  GEICO was not a party to the accident in this case.  Plaintiff deceitfully refers to his separate declaratory judgment action against GEICO as the "Twelfth Count" of the Complaint but in fact it is a single count, separate and stand-alone action against GEICO.  The prior Eleven Counts of the Complaint have absolutely nothing to do with

---

[2] *Longworth v. Van Houten,* 223 N.J. Super. 174 (App. Div. 1988); *Zirger v. General Accident Insurance,* 144 N.J. 327 (1996); and *Ferrante v. NJM,* 232 N.J. 460, 469 (2018).

GEICO and do not name GEICO.  The "parties" to the Wrongful Death and Survival Action do not include GEICO and the Declaratory Judgement action against GEICO does not include any of the other parties.  These are two separate actions and there are no entire controversy considerations that warrant the (premature) GEICO action be included in this case.

31.     GEICO is an improper party.  Plaintiff has not yet recovered any settlement or judgment from the tortfeasor and so any UIM claim has not been triggered.  Plaintiff fraudulently joined GEICO and the Court must disregard GEICO's citizenship.

**B.  <u>AMOUNT IN CONTROVERSY</u>**

32.     Plaintiff failed to plead the precise amount of the alleged damages.  However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Farrell v. FedEx Ground Package Sys., Inc.*, No. CV 19-19973 (FLW), 2020 WL 6054530, at *2 (D.N.J. July 10, 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554, 190 L.Ed.2d 495 (2014)). "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Id*.  If the sufficiency of the jurisdictional allegations in a notice of removal is challenged, "the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Id*.

33.     Tesla disputes that it is liable for any damages whatsoever to Plaintiff.  Nevertheless, Tesla can demonstrate that the amount in controversy exceeds $75,000 under the applicable "preponderance of the evidence" standard.

34.     In the present case, Plaintiff alleges entitlement to relief due to Plaintiff's Decedent Chen sustaining catastrophic spinal cord injuries, conscious pain and suffering, emotional distress, trauma, mental anguish, permanent physical impairment, disfigurement and ultimately death some

appreciable time thereafter as a result of the injuries sustained in the catastrophic collision. (*See* Mekles Cert., ¶ 3, Ex. A, ¶ 39).

35.     If Plaintiff was to prevail on her claims, she could plausibly be awarded damages in excess of $75,000, exclusive of interest and costs. Thus, although Plaintiff failed to calculate her precise damages, it is clear that the nature and extent of their claims support Tesla's "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

**C.  TIMELINESS OF REMOVAL**

36.     This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1) because it is filed within thirty days of Tesla's receipt of the initial pleading.  (*See* Mekles Cert., ¶ 3).

37.     This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c), because it is filed less than one year after commencement of the action.

**D.  VENUE**

38.     Venue of this removal is proper under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district and division embracing the place where the action is pending.

**E.  CONSENT**

39.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), no other parties have been properly joined and served.  As such, consent of properly joined Defendants Kim Lam and Mike P. Gao, is not required.

**PAPERS FROM REMOVED ACTION**

40.     As required by 28 U.S.C. § 1446(a) and Local Rule 5.1(e), all process, pleadings, and orders served on or by Defendant in the action are attached to the Certification of Erica S. Mekles in support of this Notice of Removal as Exhibits A.

**<u>NOTICE OF FILING NOTICE OF REMOVAL</u>**

4l.      In accordance with 28 U.S.C. § 1446(d) and to effect removal, Defendant Tesla, Inc. is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, County of Camden.

WHEREFORE, Defendant Tesla, Inc. respectfully removes this action from the Superior Court of the State of New Jersey, County of Camden, to this Court for all future proceedings and trial.

Dated:  March 17, 2022                           Respectfully submitted,

                                                                 */s/Erica S. Mekles*
                                                                 Erica S. Mekles, Esq. (EM1020)
                                                                 BOWMAN AND BROOKE LLP
                                                                 317 George Street, Suite 320
                                                                 New Brunswick, NJ 08901
                                                                 Tel: 201.577.5196
                                                                 Fax: 804.649.1762
                                                                 erica.mekles@bowmanandbrooke.com
                                                                 *Attorneys for Defendant Tesla, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VIKKI CHZHEN AS EXECUTRIX FOR THE ESTATE OF VLADIMIR CHEN, | Civil Action No.: |
| Plaintiffs, | |
| V. | **CERTIFICATE OF SERVICE** |
| TESLA, INC., KIM LAM, MIKE P. GAO, STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, GEICO (GOVERNMENT EMPLOYEES INSURANCE COMPANY), John Does 1-10 (fictitious entities), ABC Corporations 1-10 (fictitious entities), XYZ Corporations (fictitious entities), ABC Public Entities 1-10 (fictitious entities), and ABC Insurance Carriers 1-10 (fictitious entities), et al., | |
| Defendants. | |

I hereby certify that on March 17, 2022, I filed the **Notice of Removal, Erica S. Mekles'**

**Certification in Support of Notice of Removal with Exhibits and Civil Cover Sheet** with the

Clerk of the Court via the CM/ECF System and served a copy on the following parties hereto via

ECF and First-Class Mail:

TO: **CIPRIANI & WERNER, P.C.**
    Francis J. Leddy, III, Esq.
    Christopher N. Leeds, Esq.
    485 (E) Route 1 South- Suite 120
    Iselin, NJ 08830
    *Attorney for Plaintiffs,*
    *Vikki Chzhen as Executrix for The Estate of Vladimir Chen*

Dated:  March 17, 2022           Respectfully submitted,

                                 s/Erica S, Mekles
                                 Erica S. Mekles, Esq. (EM1020)

BOWMAN AND BROOKE LLP
317 George Street, Suite 320
New Brunswick, NJ 08901
Tel: 201.577.5196
Fax: 804.649.1762
erica.mekles@bowmanandbrooke.com
*Attorneys for Defendant Tesla, Inc.*