**CIPRIANI & WERNER, P.C.**
**Francis J. Leddy, III, Esq. (I.D. No.: 011952006)**
485 (E) Route 1 South-Suite 120
Iselin, NJ 08830
T: (848) 229-3300
F: (848) 247-6174
fleddy@c-wlaw.com
Attorney for Plaintiff, Vikki Chzhen, as Executrix for the Estate of Vladimir Chen

| | |
|---|---|
| VIKKI CHZHEN, AS EXECUTRIX FOR THE ESTATE OF VLADIMIR CHEN,<br><br>Plaintiff(s),<br><br>v.<br><br>TESLA, INC., KIM LAM, MIKE P. GAO, STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, GEICO (GOVERNMENT EMPLOYEES INSURANCE COMPANY), John Does 1-10 (fictitious entities),  ABC Corporations 1-10 (fictitious entities), XYZ Corporations (fictitious entities), ABC Public Entities 1-10 (fictitious entities), and ABC Insurance Carriers 1-10 (fictitious entities), et al.,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY-LAW DIVISION<br><br>DOCKET NO.: CAM-L-<br><br>CIVIL ACTION<br><br>**PLAINTIFF'S COMPLAINT, JURY DEMAND, TRIAL COUNSEL DESIGNATION, CERTIFICATION OF COMPLIANCE WITH 1:38-7(c), NOTICE PURSUANT TO RULE l :7l(b), AND DEMAND FOR ANSWERS TO INTERROGATORIES** |

Plaintiff, Vikki Chzhen, as Executrix for the Estate of Vladimir Chen, ("Plaintiff"), by way of the within Complaint, avers:

## THE PARTIES

1.      Defendant, Kim Lam ("Defendant Lam"), is an individual residing at 33 The Hemlocks, Roslyn, NY 11576.

2.      Defendant, Mike P. Gao ("Defendant Gao"), is an individual residing at 33 The Hemlocks, Roslyn, NY 11576.

3.      Defendant, Tesla, Inc. ("Defendant Tesla"), is a corporation that is incorporated in the State of Delaware, with a principal place of business at 3500 Deer Creek Road, Palo Alto, CA 94304.

4.      By placing its products in the stream of commerce and/or by other methods, Defendant Tesla purposefully directed its activities to the United States, the State of New Jersey, and Camden County.

5.      At all times relevant hereto, Defendant Tesla purposely established significant contacts in New Jersey, has carried out, and continues to carry out, substantial, continuous and systematic business activities in New Jersey-specifically in Camden County.

6.      At all times relevant hereto, Defendant Tesla acted by and through its respective agents, servants, workmen and employees who were acting within the course and scope of their authority and employment.

7.      Defendant, State of New Jersey, is a New Jersey public entity, the Tort Claims Unit of which has a principal place of business at the Department of Treasury, Bureau of Risk Management, P.O. Box 620, Trenton, New Jersey 08625.

8.      Defendant, New Jersey Turnpike Commission Authority, was and is a New Jersey public entity authorized to do business in the State of New Jersey, was and still is a state agency and/or corporation authorized and existing under the laws of the State of New Jersey, and which has a principle place of business located at 1 Turnpike Plaza, Woodbridge, New Jersey 07095.

9.      Defendant, Camden County, is a New Jersey public entity authorized to do business in the State of New Jersey, was and still is a municipal corporation authorized and existing under the laws of the State of New Jersey and which has a principal place of business at 520 Market Street, Camden, New Jersey 08101.

10.     Defendant, Borough of Runnemede, is a New Jersey public entity authorized to do business in the State of New Jersey, was and still is a municipal corporation authorized and existing under the laws of the State of New Jersey and which has a principal place of business at 24 North Black Horse Pike, Runnemede, New Jersey 08089.

11.     Upon information and belief, Defendant, Gina M. Engels, is an employee of one of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or ABC Public Entities 1-10, and is an individual residing in the State of New Jersey.

12.     Upon information and belief, Defendant, Sharon Scott, is an employee of one of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or ABC Public Entities 1-10, and is an individual residing at 52 Woodmill Drive, Clementon, New Jersey.

13.     Defendant, GEICO (Government Employees Insurance Company) (hereinafter "GEICO"), has been and is an insurance company authorized and licensed by New Jersey's Department of Banking and Insurance to do business in New Jersey, with an address of One GEICO Boulevard, Fredericksburg, Virginia, and whose registered agent in the State of New Jersey is CT Corporation, 820 Bear Tavern Road-Suite 305, West Trenton, NJ 08628.

14.     At all times relevant hereto, Defendant GEICO has been and is the auto insurance carrier under policy number 4365-11-38-46, which has $100,000.00/$300,000.00 UIM limits, (effective dates of October 1, 2019 through April 1, 2020), and identifies the vehicle operated by Plaintiff's Decedent as of the accident subject to this lawsuit as a covered vehicle.

15.     It is averred that insufficient time has passed to identify all potentially liable parties.

16.     Defendants, ABC Corporations 1-10 (hereinafter referred to as "ABC Corporations"), were and/or are various fictitious and currently unidentified partnerships, institutions, professional corporations, professional associations and/or corporations who were responsible for creating, designing, manufacturing, distributing, selling, supplying, maintaining, inspecting and/or modifying the vehicle involved in Plaintiff's Decedent' s accident. Plaintiff prays leave of court to reasonably amend this Complaint and name the true identities of ABC Corporations, if and when their true identities and roles in the within matter are ascertained by Plaintiff through continued investigation and/or discovery.

17.     Defendants, XYZ Corporations 1-10 (hereinafter referred to as "XYZ Corporations"), were and/or are various fictitious and currently unidentified partnerships, institutions, professional corporations, professional associations and/or corporations who sold, marketed, maintained, manufactured, designed, and/or supplied component parts in the subject vehicle which caused, contributed to, or worsened Plaintiff's injuries.

18.     Defendants, ABC Public Entities 1-10 (fictitious entities), (hereinafter referred to as "ABC Public Entities") were and/or are various fictitious and currently unidentified public entities who were and are New Jersey public entities authorized to do business in the State of New Jersey, were and still are a state agency and/or corporation authorized and existing under the laws of the State of New Jersey who owned, operated, managed, maintained, inspected, supervised, and/or controlled the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange 3, New Jersey Turnpike, Runnemede Borough, Camden County, which was and still is a public roadway in use by the public in general, and in particular Plaintiff's Decedent.

19.     Defendants, ABC Insurance Carriers 1-10 (fictitious entities), (hereinafter referred to as "ABC Carriers") were and/or are various fictitious and currently unidentified partnerships, institutions, professional corporations, professional associations and/or corporations who were responsible for issuing and providing uninsured and/or underinsured motorist (UM/UIM) coverage which would provide coverage to Plaintiff's Decedent, which may be called upon to provide coverage in this matter.

20.     At all times relevant hereto, Defendants, ABC Corporations, XYZ Corporations, ABC Public Entities, and ABC Carriers, acted and/or failed to act by and through their respective agents, servants, workmen and/or employees, who were acting within the course and scope of their authority and employment.

21.     Defendants, John Does 1-10 (hereinafter referred to as "John Does"), were and/or are various fictitious and currently unidentified agents, servants, workmen and/or employees of Defendants, Tesla, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, GEICO, ABC Corporations, XYZ Corporations, ABC Public Entities and ABC Carriers who were acting within the course and scope of their authority and employment.

22.     At all times relevant hereto, Defendants purposely established significant contacts in New Jersey, have carried out, and continue to carry out, substantial, continuous and systematic business activities in New Jersey-specifically in Camden County.

23.     Plaintiff' Decedent, Vladimir Chen, was an individual residing at 6 Marylou Court, Manalapan, NJ 07726, until the time of his death on January 26, 2020.

## PLEADINGS COMMON TO ALL COUNTS

24.     On January 26, 2020, at approximately 3:36 p.m., Plaintiff's Decedent, Vladimir Chen, was stopped in his vehicle in the Cash Lane, Lane Four of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike, while attempting to pay the toll.

25.     At the time and place aforesaid, Plaintiff's Decedent, Vladimir Chen, was lawfully traveling on and within the Cash Lane, Lane Four of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike, while attempting to pay the toll.

26.     At the time and place aforesaid, Defendant Gao was the owner of a 2019 Tesla Model X, bearing VIN 5YJXCAE26KF181423.

27.     At the time and place aforesaid, Defendant Lam was the operator of the 2019 Tesla Model X, bearing VIN 5YJXCAE26KF181423 (hereinafter "Tesla Model X").

28.     Upon information and belief, at the time and place aforesaid, Defendant Gao was the rear, center-seat passenger of the Tesla Model X operated by Defendant Lam.

29.     Defendant Lam was operating the Tesla Model X, traveling south on the north toll ramp of Interchange Three of The New Jersey Turnpike, Runnemede Borough, Camden County.

30.     While coming around the curve of the toll ramp, the Tesla Model X pulled to the left and sped across at least three (3) lanes of traffic, entering Toll Lane Four, striking a concrete abutment and the rear of Plaintiff's Decedent's vehicle.

31.     At the time and place aforesaid, Defendant Lam told investigating police that she was driving slowly on the exit ramp, when the Tesla suddenly accelerated.

32.     The Tesla Model X was travelling approximately 80 miles per hour, southbound on the New Jersey Turnpike of the Interchange 3 Toll Booth Plaza, when it catastrophically collided with the rear of Plaintiff' Decedent-vehicle fracturing and severing his cervical spine.

33.     After an appreciable period of conscious pain and suffering, Vladimir Chen died on January 26, 2020.

34.     Upon information and belief, Gina M. Engels was the employee of one of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10, working as a toll booth operator in Toll Lane Six-as of the date and time of the accident alleged.

35.     Ms. Engels stated that she looked over and saw the Tesla Model X come around the corner really fast. The Tesla Model X then went through the lane and hit the Plaintiff's Decedent's vehicle, which was stopped paying its toll.

36.     Upon information and belief, Sharon Scott was the employee of one of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10, working as a toll booth operator in Toll Lane Four as of the date and time of the accident alleged.

37.     Ms. Scott stated that she did not see the Tesla Model X approach the toll plaza until after the vehicle's initial impact, which she heard as a loud bang and at which point she first saw the Tesla Model X hit Plaintiff's Decedent's vehicle.

38.     The Tesla Model X was visible to both Defendants Engels and Scott for an extended period of time as it approached the toll plaza from the curve in the roadway before it violently collided with the Plaintiff's Decedent's vehicle.

39.     As a result of the collision, Plaintiff's Decedent suffered serious personal injuries-including, but not limited to: catastrophic spinal cord injuries, conscious pain and suffering, emotional distress, trauma, mental anguish, permanent physical impairment, disfigurement and

ultimately death some appreciable time thereafter, as a result of the injuries sustained in the catastrophic collision.

40.    As of January 26, 2020, at the time of his tragic death, Vladimir Chen was fifty (50) years old—with a date of birth of March 3, 1969.

41.    On March 10, 2020, and within ninety (90) days of the accident subject to this lawsuit, a written Notice of Tort Claim was served by Plaintiff upon State of New Jersey's Tort Claims Unit.

42.    On March 27, 2020, and within ninety (90) days of the accident subject to this lawsuit, a written Notice of Tort Claim was served by Plaintiff upon Camden County.

43.    On March 27, 2020, and within ninety (90) days of the accident subject to this lawsuit, a written Notice of Tort Claim was served by Plaintiff upon the Borough of Runnemede.

44.    On April 2, 2020, and within ninety (90) days of the accident subject to this lawsuit, a written Notice of Tort Claim was served by Plaintiff upon New Jersey Turnpike Authority.

45.    During all times relevant, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, owned, operated, managed, maintained, inspected, supervised, and/or controlled the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange 3, New Jersey Turnpike, Runnemede Borough, Camden County, which was and still is a public roadway in use by the public in general, and in particular Plaintiff's Decedent.

46.    During all times relevant hereto, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon

Scott, and John Does 1-10, were responsible for the inspection of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County.

47.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, failed to inspect the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County.

48.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, were responsible for the repair of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange 3, New Jersey Turnpike, Runnemede Borough, Camden County.

49.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, failed to repair of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County.

50.     During all times relevant, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, were responsible for the supervision of motorists and activity in and around the

Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County.

51.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, failed to supervise motorists and activity in and around the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County.

52.     That on January 26, 2020, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees including Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10,  failed to offer those motorists traveling along the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange 3, New Jersey Turnpike, Runnemede Borough, Camden County a safe place to travel and/or operate their motor vehicles.

53.     On March 13, 2020, Vikki Chzhen, who resides at 4223 Richmond Avenue, Staten Island, New York 10312, was named Executrix of the Estate of Vladimir Chen by the State of New Jersey-Monmouth County Surrogate's Court, under Docket No.: 260301.

54.     Per the Supreme Court of New Jersey's Fourth Omnibus Order on Court Operations and Legal Practice dated June 11, 2020, Statutes of Limitations were tolled for the 55-day period from March 16, 2020 through May 10, 2020, and as such, those dates are not to be included in calculating the trial court filing deadlines and computation of time periods under the Statute of Limitations herein.

55.   The Superior Court of New Jersey-Camden Vicinage has already held as a matter of law in a related matter which was previously filed on behalf of the Estate of Vladimir Chen involving the same accident, same facts, and similar parties, that the Statute of Limitations will not expire until March 22, 2022 and that Plaintiff here may file its Complaint until such date.  (See Exhibit "A" – February 25, 2022 Order of Hon. Mark K. Chase, J.S.C.).

## FIRST COUNT – STRICT LIABILITY
## AGAINST DEFENDANTS TESLA, ABC CORPORATIONS 1-10 and XYZ CORPORATIONS 1-10

1.   Plaintiff repeats each and every allegation of the prior count, as if set forth herein at length.

2.   Defendant Lam told the investigating police officers that she was approaching the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike, driving slowly on the exit ramp, when the Tesla Model X accelerated suddenly and unexpectedly.

3.   Defendant Lam claims that she did not command the Tesla Model X to accelerate as it did.

4.   For several years prior to the subject crash, Tesla drivers have reported a phenomenon known as Sudden Un-Commanded Acceleration or "SUA," wherein Tesla vehicles accelerate at full power even though the driver reports that he or she did not command the acceleration by pressing on the accelerator pedal either at all, or not to the degree that would call for the application of full power.

5.   In 2016, one year after the launch of its Model X in the United States, Tesla was put on notice of the nature and extent of the SUA defect in its Model X vehicle, when a lawsuit was filed alleging that NHTSA had received 13 SUA complaints in its Model X in its first year on the road.

6.      Defendant Tesla equips all its Model S, Model X, and Model 3 vehicles, since at least March of 2015, with Automatic Emergency Braking ("AEB"), whereby the vehicle computer uses the forward-looking camera and the radar sensor to determine the distance from objects in front of the vehicle. The AEB is designed to mitigate the severity of frontal impacts or even prevent them. When a frontal collision is considered unavoidable, AEB is designed to automatically apply the brakes to reduce the severity of the impact.

7.      Defendant Gao's Tesla Model X was manufactured in 2019, and therefore, is equipped with AEB technology.

8.      Defendant Tesla has programmed the AEB system to deactivate when it receives computer instructions from the accelerator pedal position sensor to drive full speed, even when driving into a fixed object.

9.      Tesla's AEB technology is designed to operate when driving between 5 mph (8 km/h) and 85 mph (140 km/h), but that the vehicle will not automatically apply the brakes, or will stop applying the brakes in situations where an operator is taking action to avoid a potential collision. For example, an operator turns the steering wheel sharply, presses and releases the brake pedal, or a vehicle, motorcycle, bicycle, or pedestrian, is no longer detected ahead.

10.     The Tesla AEB deactivation includes situations where the computer believes, rightly or wrongly, that the driver is commanding full throttle acceleration directly into fixed objects immediately in front of the vehicle.

11.     Defendant Tesla equips all its Model S, Model X, and Model 3 vehicles with Forward Collision Warning ("FCW"), which is supposed to provide auditory and visual warnings about potential frontal impacts.

12.     Defendant Tesla equips all its Model S, Model X, and Model 3 vehicles with Lane Assist and Speed Assist. The former is a crash avoidance system that is supposed to automatically steer the vehicle to avoid adjacent vehicles. The latter uses GPS mapping information in order to determine appropriate speed limits in the area you are traveling.

13.     At the time and place aforesaid, Defendant Lam was travelling southbound on the New Jersey Turnpike of the Interchange 3 Toll Booth Plaza, when the Tesla Model X suddenly accelerated, took a sharp bank to its left passing multiple open lanes oat the toll booth plaza, and catastrophically collided with the rear of Plaintiff' Decedent Mr. Chen's vehicle at approximately 80 miles per hour.

14.     Defendant Tesla equips all its Model S, Model X, and Model 3 vehicles with an Electronic Stability Control ("ESC") System. Upon information and belief, the ESC System in the subject Tesla Model X automatically engaged the subject Tesla vehicle contributing to the sharp turning movement that resulted in the fatal collision with Plaintiff' Decedent's vehicle.

15.     In addition, for several years prior to the subject crash Defendant Tesla has been aware of the phenomenon known as "Driver Disengagement," wherein Tesla drivers disengage from the driving task as a result of their misplaced reliance on the vehicle's various control systems which may or may not be engaged.

16.     Defendant Tesla has known for several years that Driver Disengagement is a hazardous condition, particularly in light of the fact that it advertises its technology as "Full Self-Driving."

17.     In fact, the National Transportation Safety Board ("NTSB") has stated that Defendant Tesla is using its customers to beta test "Full Self-Driving," a Level 2 automated technology on public roads. In a February 2021 letter to its sister agency, the National Highway

Traffic Safety Administration, NTSB Chief Robert Sumwalt named Defendant Tesla 16 times in calling for sweeping change, stating: "Tesla recently released a beta version of its Level 2…system, described as having full self-driving capability. By releasing the system, Tesla is testing on public roads a highly automated AV technology but with limited oversight or reporting requirements…NHTSA's hands-off approach to oversight of AV testing poses a potential risk to motorists and other road users."

18.    Defendant Tesla's vehicles also include a standard set of automated driving features, dubbed "Autopilot".

19.    Despite those descriptions "Full Self-Driving" and "Autopilot," which imply to some drivers that they can operate Tesla electric vehicles hands-free. That is not the case at all. Even when engaged, these types of systems require active driver engagement and supervision. This creates an inherently hazardous design.

20.    Defendants Tesla, John Does 1-10, ABC Corporations 1-10, and XYZ Corporations 1-10, are in the business of creating, designing, manufacturing distributing, selling, supplying, maintaining, inspecting and/or modifying Tesla vehicles, including the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or component parts in the subject Tesla Model X.

21.    Defendants Tesla, John Does 1-10, ABC Corporations 1-10 and XYZ Corporations 1-10, created, designed, manufactured, distributed, sold, supplied, maintained, inspected and/or modified the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or component parts in the subject Tesla Model X.

22.    The subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X were expected to, and did in fact reach users, such

as the Gam and Lao Defendants, without substantial change in the condition in which they were created, designed, manufactured, distributed, sold, rented, leased, maintained and/or supplied.

23.     At all times relevant hereto, the subject Tesla vehicle involved in Plaintiff's Decedent's accident and the component parts in the subject Tesla Model X were used and employed for the purpose for which they were designed and manufactured, and were used in a foreseeable and intended manner.

24.     Defendant Tesla, John Does 1-10, ABC Corporations 1-10, and XYZ Corporations 1-10, by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached N.J.S.A. 2A:58C-2, as follows:

    a.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X, that were unsafe and defective;

    b.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were unreasonably dangerous;

    c.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were unsafe for all of its intended and foreseeable purposes and uses;

    d.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were in a defective condition;

    e.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that lacked all necessary safety features to protect other drivers, pedestrians, and members of the public;

f.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were without adequate safeguards;

g.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were equipped with a defective AEB system, a defective forward-looking camera, a defective radar sensor, a defective FCW, a defective Lane Assist, a defective Speed Assist, and/or a defective ESC System;

h.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were equipped with a defective AEB system, a defective forward-looking camera, a defective radar sensor, a defective FCW, a defective Lane Assist, a defective Speed Assist, and/or a defective ESC System that was incapable of allowing the subject Tesla vehicle operate at a safe rate of speed, decelerate and/or turn under normal, ordinary, expected and intended circumstances and conditions;

i.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that would fail to brake and decelerate, and accelerate absent user or driver direction with no indication to the user and/or driver;

j.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were equipped with an AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System that was/were diminished;

k.      Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X with an AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System that was/were susceptible to failure;

l.      Knowing or being in the position to know that they created, designed, manufactured, distributed, sold, maintained and/or supplied products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's

accident and the component parts in the subject Tesla Model X with an inadequate and defective AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System;

m.  Despite knowing or being in the position to know that they created, designed, manufactured, distributed, sold, maintained and/or supplied a product, products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X with an inadequate and defective AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System, failing to cure the dangerously defective AEB system, forward-looking camera and/or radar sensor;

n.  Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that lacked a safe means to avoid SUA and/or Driver Disengagement;

o.  Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that were without adequate, necessary and/or proper warnings;

p.  Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that could be designed more safely;

q.  Failing to provide adequate instructions to users of the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X;

r.  Failing to provide users of the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X instructions and/or training regarding their proper use;

s.  Performing inadequate testing and/or repairs to the products;

t.  Warning against a known hazard without attempting to design out or guard against the hazard;

u.  Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject

Tesla Model X that had the propensity to make the vehicle apply full power acceleration when the driver has not commanded such acceleration and lack of an alternative design that would have prevented that propensity;

v.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that lack a proper or alternative fail-safe logic that will cut power and apply the brakes when the vehicle registers full power acceleration when there are fixed objects in the immediate path of the vehicle;

w.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X that lacked a proper or alternative fault detection system that would recognize an SUA event beyond the maximum design tolerance or in normal foreseeable driving situations and respond by shutting down the throttle.

25.    As a direct and proximate result of the defective, dangerous, and unsafe condition(s) of the subject Tesla Model X involved in Plaintiff's Decedent's accident, and the component parts in the subject Tesla Model X, Vladimir Chen suffered the excruciating injuries described above which ultimately resulted in his tragic death.

26.    As a direct result of the matters alleged above, Plaintiff is entitled to rely on the doctrine of strict liability in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., and/or common law liability for material misrepresentations regarding the safety of the product, and/or liable for breach of express warranty under N.J.S.A. 12A:2-213, et seq., for recovery against Defendant Tesla, John Does 1-10, ABC Corporations 1-10, and XYZ, INC. (1-10).

**WHEREFORE**, Plaintiff claims of Defendants, Tesla, ABC Corporations 1-10, and XYZ Corporations 1-10, jointly and severally, separate sums of monetary damages included but not

limited to compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

## SECOND COUNT - BREACH OF WARRANTY
## AGAINST DEFENDANTS TESLA, ABC CORPORATIONS 1-10 and XYZ CORPORATIONS 1-10

1.     Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.     In promoting, selling, supplying, delivering, repairing, maintaining, and/or leasing the products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and the component parts in the subject Tesla Model X, Defendant Tesla, ABC Corporations 1-10, and XYZ Corporations 1-10, expressly and/or impliedly warranted that the Tesla Model X and its component parts were merchantable, fit and safe for the ordinary and particular purposes for which they were sold and/or leased.

3.     Defendant Tesla, ABC Corporations 1-10, and XYZ Corporations 1-10 breached these express and/or implied warranties by delivering, maintaining, and/or supplying the subject Tesla Model X and its component parts in an unsafe, defective, and unfit condition.

4.     The resulting injuries sustained by Plaintiff's Decedent, Vladimir Chen, and Plaintiff were proximately caused by these Defendants' breach of warranties.

**WHEREFORE**, Plaintiff demand judgment against Defendants Tesla, ABC Corporations 1-10, and XYZ Corporations 1-10, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees costs of suit, and such other relief as the court deems proper.

## THIRD COUNT – NEGLIGENCE
## AGAINST DEFENDANTS TESLA, ABC CORPORATIONS 1-10, XYZ
## CORPORATIONS 1-10, and JOHN DOES 1-10,

1.     Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.     Defendants, Tesla, ABC Corporations 1-10, and XYZ Corporations 1-10, by and through their separate and respective agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, including John Does 1-10, were careless, negligent, grossly negligent and/or reckless in the following respects:

    a.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were unsafe and defective;

    b.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were unreasonably dangerous;

    c.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were unsafe for all of its intended and foreseeable purposes and uses;

    d.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were in a defective condition;

    e.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that lacked all necessary safety features to protect other drivers, pedestrians, and members of the public;

    f.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved

in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were without adequate safeguards;

g.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were equipped with a defective AEB system, a defective forward-looking camera, a defective radar sensor, a defective FCW, a defective Lane Assist, a defective Speed Assist, and/or a defective ESC System;

h.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were equipped with a defective AEB system, a defective forward-looking camera, a defective radar sensor, a defective FCW, a defective Lane Assist, a defective Speed Assist, and/or a defective ESC System that was incapable of allowing the subject Tesla Model X to operate at a safe rate of speed, decelerate and/or turn under normal, ordinary, expected and intended circumstances and conditions;

i.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that would fail to brake and decelerate, and accelerate absent user or driver direction with no indication to the user and/or driver;

j.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were equipped with an AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System that was/were diminished;

k.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X with an AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System that was/were susceptible to failure;

l.    Knowing or being in the position to know that they created, designed, manufactured, distributed, sold, maintained and/or supplied products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X with an inadequate

and defective AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System;

m.    Despite knowing or being in the position to know that they created, designed, manufactured, distributed, sold, maintained and/or supplied products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X with an inadequate and defective AEB system, forward-looking camera, radar sensor, FCW, Lane Assist, Speed Assist, and/or ESC System, failing to cure the dangerously defective AEB system, forward-looking camera and/or radar sensor;

n.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that lacked a safe means to avoid SUA and/or Driver Disengagement;

o.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that were without adequate, necessary and/or proper warnings;

p.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or components parts in the subject Model X that could be designed more safely;

q.    Failing to provide adequate instructions to users of products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or components parts in the subject Model X regarding their use;

r.    Failing to provide users of the subject Tesla Model X and/or its components with warnings, instructions and/or training regarding the proper use of them;

s.    Performing inadequate testing and/or repairs to the products;

t.    Warning against a known hazard without attempting to design out or guard against the hazard;

u.    Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or components parts in the subject Model X that had the propensity to allow the vehicle to apply full power

acceleration when the driver has not commanded such acceleration and lack of an alternative design that would have prevented that propensity;

v.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff' Decedent's accident and/or components parts in the subject Model X that lacked a proper or alternative fail-safe logic that will cut power and apply the brakes when the vehicle registers full power acceleration when there are fixed objects in the immediate path of the vehicle;

w.     Creating, designing, manufacturing, distributing, selling, maintaining and/or supplying products, specifically the subject Tesla Model X involved in Plaintiff's Decedent's accident and/or components parts in the subject Model X that lacked a proper or alternative fault detection system that would recognize an SUA event beyond the maximum design tolerance or in normal foreseeable driving situations and respond by shutting down the throttle.

x.     Failing to exercise reasonable care under all of the circumstances; and

y.     Being otherwise negligent, grossly negligent, careless and reckless as may appear from facts that may be determined during discovery and/or trial.

3.     As a direct and proximate result of the defective, dangerous, and unsafe condition of the subject Tesla Model X and/or its component parts involved in Plaintiff's Decedent's accident and/or of the negligence, gross negligence, carelessness and/or recklessness of Defendants, Plaintiff's Decedent, Vladimir Chen, suffered severe and catastrophic injuries and unimaginable pain and suffering before dying as a result of the accident.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Tesla, ABC Corporations 1-10, XYZ Corporations 1-10, and John Does 1-10, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

## FOURTH COUNT – NEGLIGENCE
## AGAINST DEFENDANTS LAM and GAO

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.      At all times material hereto, Defendants Lam and Gao so negligently owned, operated, maintained, insured, entrusted, leased, brokered, hired and/or selected the subject Tesla vehicle so as to cause a collision.

3.      Defendant Lam negligently operated the subject Tesla vehicle by:

      a.      Failing to ensure that she had adequate line of sight of traffic;

      b.      Failing to keep a proper lookout for other vehicles, including Plaintiff's Decedent's;

      c.      Failing to ensure that she had adequate starting and stopping distance to avoid hitting other vehicles in front of her, next to her or in her path;

      d.      Failing to ensure that she had adequate maneuvering room to avoid hitting other vehicles in front of her, next to her, or in her path of travel;

      e.      Driving at an excessive rate of speed;

      f.      Operating the subject Tesla Model X without adequate training and experience;

      g.      Failing to ensure that the subject Tesla Model X was in safe operating condition;

      h.      Failing to pay attention to the road ahead;

      i.      Failing to be diligent at all times;

      j.      Being otherwise careless, negligent and reckless; and

      k.      Being otherwise distracted and/or driving in violation of New Jersey statutes or laws,

4.      Defendant Gao owned the subject Tesla vehicle.

5.      Defendant Gao owed the general public, including the Plaintiff's Decedent, a duty to determine whether to entrust the subject Tesla Model X to another, including Defendant Lam. Defendant Gao breached this duty by:

    a.      Failing to evaluate Defendant Lam's ability to operate the subject Tesla Model X safely prior to entrusting it to her;

    b.      Failing to supervise Defendant Lam's operation of the subject Tesla Model X on the date of the accident; and

    c.      Failing to warn Defendant Lam of the hazardous and defective conditions of the subject Tesla Model X and/or its component parts (as previously alleged in this Complaint) prior to her operation of it; and

    d.      Otherwise negligently, carelessly, and recklessly entrusting the subject Tesla Model X to Defendant Lam for her operation.

6.      As a direct and proximate result of the negligence, gross negligence, carelessness and/or recklessness of Defendants Lam and Gao, Plaintiff's Decedent, Vladimir Chen, suffered severe and catastrophic injuries and unimaginable pain and suffering before dying as a result of the accident.

7.      That the occurrence and injuries sustained by Plaintiff's Decedent, Vladimir Chen, and the damages of the Plaintiff were cause solely by the negligence of the Defendants herein, without any negligence on the part of Plaintiff's Decedent contributing thereto.

**WHEREFORE**, Plaintiff demands judgment against Defendants Lam and Gao, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the Court deems proper.

<u>**FIFTH COUNT – DANGEROUS CONDITION OF PROPERTY AGAINST STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, ABC PUBLIC ENTITIES 1-10 and JOHN DOES 1-10**</u>

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.       Plaintiff has filed timely Tort Claims Notices against the Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, pursuant to the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:8-1, et seq., and has waited the jurisdictional six (6) months before filing this action.

3.      At all times relevant, the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County was under the operation, care, maintenance, repair, possession and supervision of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, who may be responsible for Plaintiff's Decedent's injuries as a result of the accident, who were involved in the road inspection, installation of traffic control devices, lane demarcations, reflective flexible orange delineator posts, speed limit signs, warning signs, impact absorbing barriers, and/or shock absorbing road barriers at the location of where the accident occurred, and/or supervision of installation of same by contracted entities, their agents, servants and/or employees.

4.      It then and there became the duty of the aforementioned Defendants, by and through their agents, servants and employees to use reasonable care to inspect, replace, install and/or make repairs to these traffic control devices, lane demarcations, reflective flexible orange delineator posts, speed limit signs, warning signs, impact absorbing barriers, and/or shock absorbing road

barriers and make the roads at the location of the accident reasonably safe for the Plaintiff's Decedent and all motorists.

5.      Upon information and belief, at some time prior to January 26, 2020, the traffic control devices, lane demarcations, reflective flexible orange delineator posts, speed limit signs, warning signs, impact absorbing barriers, and/or shock absorbing road barriers at or near the accident site, were removed and were no longer present and/or were improperly or incompletely replaced, inspected and/or maintained, by the aforesaid Defendants, whom were negligent, reckless, careless and/or was/were palpably unreasonable in their supervision of contracting entities, thereby creating a dangerous condition to motorists in or near that section of the roadway within the contemplation of the New Jersey Tort Claim Act.

6.       These Defendants, their agents, servants and/or employees, had the duty - consistent with the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. - to reasonably care for the roadway, to keep them in safe and proper repair, and to make the roadway reasonably safe for Plaintiff's Decedent and the motoring public.

7.      Plaintiff's Decedent's injuries and the manner in which he was injured are such that the instrumentality was under the control of Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, and the injuries would not have been sustained but for the palpably unreasonable, careless, negligent and reckless acts and/or omissions of these Defendants, and their agents, servants and employees in failing to properly maintain, inspect, repair or replace the traffic control devices, lane demarcations, reflective flexible orange delineator posts, speed

limit signs, warning signs, impact absorbing barriers, and/or shock absorbing road barriers at or near the accident site and/or to properly supervise the performance of same by contracted entities.

8.      It then and there became the duty of the aforementioned Defendants, by and through their agents, servants and employees to warn the Plaintiff's Decedent and all motorists of the dangerous condition and otherwise make known to the Plaintiff's Decedent and all motorists the dangers and risks of the roadway at the location of the accident.

9.      On January 26, 2020, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels, Sharon Scott, and John Does 1-10, were also negligent, grossly negligent, reckless, careless, and participated in willful, wanton, reckless and palpably unreasonable conduct by:

   a.      Failing to identify a dangerous condition of their property;

   b.      Failing to warn of the dangerous condition of their property;

   c.      Creating the dangerous condition of their property;

   d.      Having constructive notice of the dangerous condition of the property for a sufficient time prior to the accident subject to this lawsuit and failing to take measures to protect against said dangerous condition;

   e.      Failing to maintain, renovate, and modernize the safety of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County, thereby causing, contributing to and facilitating the accident subject to the lawsuit;

   f.      Failing to construct, maintain, renovate, repair and modernize the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County in accordance with plans, specifications and designs, thereby causing, contributing to and facilitating the accident subject to the lawsuit;

   g.      Failing to exercise proper and effective supervisory control;

h.     Failing to have proper policies in place to address and/or prevent the occurrence complained of;

i.     Failing to follow their own rules and regulations; and

j.     All other palpably unreasonable conduct that contributed and caused the accident subject to this lawsuit.

10.     Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees including Defendant, Gina M. Engels, Sharon Scott and John Does 1-10, failed to exercise slight care or diligence.

11.     The actions and/or inactions of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, were willful and wanton.

12.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10 were reckless, grossly negligence, outrageous, willful and wanton.

13.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10 was reckless and exhibited a gross indifference to the rights of the public, including the Plaintiff's Decedent herein.

14.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents,

servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, was willful, wanton, reckless, outrageous, and malicious and exhibited a gross indifference to and the reckless disregard for the rights of others and more particularly the rights of the Plaintiff's Decedent and Plaintiff herein.

15.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engel, Sharon Scott and John Does 1-10 was palpably unreasonable.

16.     As a direct and proximate result of the gross negligence, recklessness, carelessness, outrageousness, willful, wanton, palpably unreasonable, and/or reckless conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, Plaintiff's Decedent, Vladimir Chen, suffered severe and catastrophic injuries and unimaginable pain and suffering before dying as a result of the accident and Plaintiff suffered damages.

17.     That the occurrence and injuries sustained by the Plaintiff's Decedent, Vladimir Chen, and the damages of the Plaintiff were cause solely by the negligence of the Defendants herein, without any negligence on the part of Plaintiff's Decedent, Vladimir Chen, contributing thereto.

18.     By their conduct described aforesaid, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, acted in violation of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1,

et seq., as a result of which the Plaintiff's Decedent suffered the harm aforesaid and has a tort action against the public entity Defendants and their employees.

**WHEREFORE**, Plaintiff demands judgment against Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

## SIXTH COUNT–NUISSANCE AGAINST STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, ABC PUBLIC ENTITIES 1-10 and JOHN DOES 1-10

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.       Plaintiff has filed timely Tort Claims Notices against the Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, and the Borough of Runnemede, pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1, et seq., and has waited the jurisdictional six (6) months before filing this action.

3.      Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels, Sharon Scott John Does 1-10 created and/or maintained a nuisance, which nuisance resulted in the injuries sustained by the Plaintiff's Decedent as aforesaid.

4.      By their conduct described aforesaid, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-

10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, acted in violation of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., as a result of which the Plaintiff's Decedent suffered the harm aforesaid and has a tort action against the public entity Defendants and their employees.

**WHEREFORE**, Plaintiff demands judgment against Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

## SEVENTH COUNT-DANGEROUS CONDITION OF ROADWAY ACTIVITY AGAINST STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, GINA M. ENGELS, SHARON SCOTT, ABC PUBLIC ENTITIES 1-10 and JOHN DOES 1-10

1.      Plaintiff repeats each and every allegation of the prior counts as if set forth herein at length.

2.       Plaintiff has filed timely Tort Claims Notices against the Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, and the Borough of Runnemede, pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1, et seq., and has waited the jurisdictional six (6) months before filing this action.

3.      At all times relevant, the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County was under the operation, care, maintenance, repair, possession and supervision of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees,

including but not limited to Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, who may be responsible for Plaintiff's Decedent's injuries as a result of the accident, who were involved in the supervision and monitoring of motorist activity on the roadway in and around the toll booth plaza in the area of the accident.

4.      It then and there became the duty of the aforementioned Defendants, by and through their agents, servants and employees to use reasonable care to supervise and monitor motorist activity on the roadway in and around the toll booth plaza in the area of the accident.

5.      Upon information and belief, at an appreciable time prior to the accident, Defendants, State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels Sharon Scott and John Does 1-10, had or should have had notice of the Tesla Model X approaching the toll plaza and the rear of Plaintiff's Decedent's vehicle at an inordinately high rate of speed after having wildly crossed at least three (3) lanes of traffic.

6.      These Defendants, their agents, servants and/or employees, had the duty, consistent with the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., to warn Plaintiff's Decedent of this motorist activity on the roadway in and around the toll booth plaza in the area of the accident.

7.      On January 26, 2020, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede, and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including but not limited to Defendants, Gina M. Engels, Sharon Scott John Does 1-10, were also negligent, grossly negligent, reckless, careless, and participated in willful, wanton, reckless and palpably unreasonable conduct by:

a.      Failing to supervise and monitor activity on the roadway in and around the toll booth plaza in the area of the accident;

b.      Failing to properly hire, train, supervise and monitor appropriate personnel to supervise and monitor activity on the roadway in and around the toll booth plaza in the area of the accident;

c.      Failing to establish and/or abide by standards for supervision and monitoring motorist activity on the roadway in and around the toll booth plaza in the area of the accident;

d.      Failing to establish and/or abide by standards for supervision of their personnel;

e.      Failing to retain personnel who were properly and adequately trained to supervise and monitor activity on the roadway in and around the toll booth plaza in the area of the accident.

f.      Failing to exercise proper and effective supervisory control;

g.      Failing to observe the Tesla Model X as it travelled along the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County at an inordinately dangerous rate of speed after having wildly crossed over at least three (3) lanes of travel;

h.      Failing to warn the Plaintiff's Decedent, Vladmir Chen, of the known danger of the Tesla Model X as it travelled along the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County at an inordinately dangerous rate of speed after having wildly crossed over at least three (3) lanes of travel;

i.      Failing to have proper policies in place to address and/or prevent the occurrence complained of;

j.      Failing to follow their own rules and regulations;

k.      Failing to exercise any training that was provided; and

l.      All other palpably unreasonable conduct that contributed and caused the accident subject to this lawsuit.

8.      Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or

employees including Defendant, Gina M. Engels, Sharon Scott and John Does 1-10, failed to exercise slight care or diligence.

9.     The actions and/or inactions of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10 were willful and wanton.

10.     Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10 were reckless, grossly negligence, outrageous, willful and wanton.

11.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10 was reckless and exhibited a gross indifference to the rights of the public, including the Plaintiff's Decedent herein.

12.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, was willful, wanton, reckless, outrageous, and malicious and exhibited a gross indifference to and the reckless disregard for the rights of others and more particularly the rights of the Plaintiff's Decedent and Plaintiff herein.

13.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents,

servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, was palpably unreasonable.

14.     As a direct and proximate result of the gross negligence, recklessness, carelessness, outrageousness, willful, wanton, palpably unreasonable, and/or reckless conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, Plaintiff's Decedent, Vladimir Chen, suffered severe and catastrophic injuries and unimaginable pain and suffering before dying as a result of the accident and Plaintiff suffered damages.

15.     That the occurrence and injuries sustained by the Plaintiff's Decedent, Vladimir Chen, and the damages of the Plaintiff were cause solely by the negligence of the Defendants herein, without any negligence on the part of Plaintiff's Decedent, Vladimir Chen, contributing thereto.

16.     By their conduct described aforesaid, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, acted in violation of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., as a result of which the Plaintiff's Decedent suffered the harm aforesaid and has a tort action against the public entity Defendants and their employees.

**WHEREFORE**, Plaintiff demands judgment against Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, jointly and severally, for compensatory and punitive damages,

interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

**EIGHTH COUNT–DANGEROUS CONDITION OF PROPERTY AGAINST STATE OF NEW JERSEY, NEW JERSEY TURNPIKE COMMISSION AUTHORITY, CAMDEN COUNTY, BOROUGH OF RUNNEMEDE, SHARON SCOTT, ABC PUBLIC ENTITIES 1-10 and JOHN DOES 1-10**

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.      Upon information and belief, at some time prior to January 26, 2020, the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3, New Jersey Turnpike, Runnemede Borough, Camden County was designed, redesigned, created, constructed, reconstructed, built, rebuilt, and/or otherwise modified.

3.      Upon information and belief, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants John Does 1-10, whom were negligent, reckless, careless and/or was/were palpably unreasonable in their supervision of contracting entities, failed to follow and conform creation, construction, reconstruction, building, rebuilding, and/or modification of the roadway to be consistent with the plans, designs, blueprints and/or schematics for same, thereby creating a dangerous condition to motorists in or near that section of the roadway within the contemplation of the New Jersey Tort Claim Act.

4.      By their conduct described aforesaid, Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including John Does 1-10, acted in violation of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., as a result of which the Plaintiff's

Decedent suffered the harm aforesaid and has a tort action against the public entity Defendants and their employees.

**WHEREFORE**, Plaintiff demands judgment against Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants John Does 1-10, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the court deems proper.

## NINTH COUNT-WRONGFUL DEATH ACT AGAINST ALL DEFENDANTS

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.      Plaintiff bring this action pursuant to the New Jersey Wrongful Death Act, N.J.S.A. §2A:3l-1, *et seq.* for the benefit of the next of kin of Plaintiff's Decedent, Vladimir Chen, and seeks all damages permitted by the Act.

3.      The aforementioned fatal crash was caused by the negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable and/or reckless conduct of Defendants acting individually and/or acting by and through their agents, workmen, employees and/or servants.

4.      The negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable, and/or reckless conduct of Defendants includes the allegations set forth in the previous Counts of the Complaint.

5.      By reason of the negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable and/or reckless conduct of Defendants individually and by

and through their respective agents, servants, workmen, contractors and/or employees as aforesaid, Plaintiff's Decedent was caused to sustain devastating and catastrophic injuries and death.

6.      As a direct and proximate result of the foregoing, the wrongful death beneficiaries have been and will continue to be wrongfully deprived of the financial support and also services, society, consortium, and comfort which the Plaintiff's Decedent would have provided.

7.      As a direct and proximate result of the foregoing, the beneficiaries have been, and will continue to be deprived of the guidance, advice, counsel, and companionship which they would have received from the Plaintiff's Decedent.

8.      As a proximate result of the foregoing, Plaintiff has incurred medical, funeral and burial expense and has been deprived of the future earnings and services of the Plaintiff's Decedent.

9.      That the occurrence and injuries sustained by the Plaintiff's Decedent, Vladimir Chen, and the damages of the Plaintiff were cause solely by the negligence of the Defendants herein, without any negligence on the part of Plaintiff's Decedent, Vladimir Chen, contributing thereto.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit as provided by the New Jersey Wrongful Death Statute, N.J.S.A. 2A:31-1, *et seq.,* and such other relief as the court deems proper.

## TENTH COUNT- SURVIVAL ACT AGAINST ALL DEFENDANTS

1.    Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.    Plaintiff brings this action pursuant to the Survival Act of the State of New Jersey, N.J.S.A. §2A:15-3, *et seq*., its amendments and supplements, and seeks all benefit and damages permitted by the Act.

3.    The aforementioned fatal crash was caused by the negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable and/or reckless conduct of Defendants acting individually and/or acting by and through their agents, workmen, employees and/or servants.

4.    The negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable and/or reckless conduct of Defendants includes the allegations set forth in the previous Counts of the Complaint.

5.    By reason of the negligence, gross negligence, carelessness, outrageousness, willful, wanton, palpably unreasonable and/or reckless conduct of Defendants individually and by and through their respective agents, servants, workmen, contractors and/or employees as aforesaid, Plaintiff's Decedent was caused to sustain devastating and catastrophic injuries leading to an appreciable time of conscious pain and suffering, and ultimately death.

6.    As a direct and proximate result of the foregoing, the Plaintiff's Decedent Vladimir Chen, suffered unimaginable conscious pain and suffering, emotional distress, fear of death, and mental anguish.

7.      As a direct and proximate result of the foregoing, the Plaintiff's Decedent sustained a loss of enjoyment of life and loss of life's pleasures and was prevented from performing all of his usual duties, occupations and avocations, all to his great loss and detriment.

8.      That the occurrence and injuries sustained by the Plaintiff's Decedent, Vladimir Chen, and the damages of the Plaintiff were cause solely by the negligence of the Defendants herein, without any negligence on the part of Plaintiff's Decedent, Vladimir Chen, contributing thereto.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, interest, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit as provided by the Survival Act of the State of New Jersey, N.J.S.A. §2A:15-3, *et seq*., and such other relief as the court deems proper.

## ELEVENTH COUNT-PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.      The conduct of Defendants Tesla, John Does 1-10, ABC Corporations 1-10, and XYZ Corporations 1-10, and the unknown defendants in designing, assembling, manufacturing, marketing, and selling the subject Tesla Model X and its component parts in such a defective and unreasonably dangerous condition was so grossly negligent, and manifested such a reckless indifference to the safety of the Plaintiff's Decedent, Vladimir Chen, and other owners of similar Tesla vehicles, as to constitute actual malice manifested by the aforementioned named Defendants and unknown defendants against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff. Because the aforementioned named Defendants and the unknown defendants acted

with actual malice against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff's Decedent, punitive damages should be imposed against those Defendants in amounts sufficient to punish those Defendants for their wrongful conduct as to Plaintiff's Decedent, and to deter those Defendants and other similarly situated from engaging in such conduct in the future.

3.     The conduct of Defendants Gao and Lam in their ownership, operation, maintenance, entrustment, leasing, brokering, hiring and/or selection the subject Tesla Model X and its component parts was so grossly negligent, and manifested such a reckless indifference to the safety of the Plaintiff's Decedent, Vladimir Chen, and other drivers, as to constitute actual malice manifested by the aforementioned named Defendants against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff's Decedent. Because the aforementioned named Defendants acted with actual malice against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff's Decedent, punitive damages should be imposed against those Defendants in amounts sufficient to punish those Defendants for their wrongful conduct as to Plaintiff's Decedent, and to deter those Defendants and other similarly situated from engaging in such conduct in the future.

4.     The conduct of Defendants State of New Jersey, New Jersey Turnpike Authority, Camden County, the Borough of Runnemede and/or, ABC Public Entities 1-10 and their agents, servants, and/or employees, including Defendants, Gina M. Engels, Sharon Scott and John Does 1-10, in their ownership, operation, maintenance, inspection, and repair of the Southbound Interchange 3 Toll Plaza of the New Jersey Turnpike and the north toll ramp of Interchange #3,

New Jersey Turnpike, Runnemede Borough, Camden County was so the negligent, grossly negligent, careless, outrageous, willful, wanton, palpably unreasonable and/or reckless and manifested such a reckless indifference to the safety of the Plaintiff's Decedent, Vladimir Chen, and other drivers, as to constitute actual malice manifested by the aforementioned named Defendants against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff's Decedent. Because the aforementioned named Defendants acted outrageously and with actual malice against Plaintiff's Decedent, and/or wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions, including but not limited to the Plaintiff's Decedent, punitive damages should be imposed against those Defendants in amounts sufficient to punish those Defendants for their wrongful conduct as to Plaintiff's Decedent, and to deter those Defendants and other similarly situated from engaging in such conduct in the future.

**WHEREFORE**, the Plaintiff demands judgment against those Defendants, jointly and severally, for the compensatory damages described in the aforementioned paragraphs of this Complaint. The Plaintiff further demand judgment against these Defendants, jointly and severally, for punitive damages in an amount sufficient to adequately punish those Defendants for their reckless and malicious conduct described above, and to deter those Defendants and others similarly situated from engaging in such intentional and reckless conduct in the future. The Plaintiff further demand that they recover interest on the judgment amount, including prejudgment interest at the legal rate, together with attorney's fees, costs of suit, and such other relief as the Court may deem appropriate under law.

## TWELFTH COUNT–DECLARATORY JUDGMENT UNDER N.J.S.A. 2A:16-52 and 2A:16-53 et seq.  AGAINST DEFENDANTS GEICO and ABC INSURANCE CARRIERS 1-10.

1.      Plaintiff repeats each and every allegation of the prior counts, as if set forth herein at length.

2.      GEICO has been and is an insurance company authorized and licensed by New Jersey's Department of Banking and Insurance to do business in New Jersey, with an address of One GEICO Boulevard, Fredericksburg, Virginia, and whose registered agent in the State of New Jersey is CT Corporation 820 Bear Tavern Road-Suite 305, West Trenton, NJ 08628.

3.      At all times relevant hereto, Defendant GEICO was, and is, an insurance carrier authorized to do business in the State of New Jersey as an insurance, underwriting and/or adjustment company providing, among other things, automobile insurance and/or claim services pursuant to the laws of the State of New Jersey either individually, and/or through certain mutual arrangements and/or agreements.

4.      At all times relevant hereto, Defendant, GEICO, has been and is the auto insurance carrier under policy number 4365-11-38-46, which has $100,000.00/$300,000.00 UIM limit, effective dates of October 1, 2019 through April 1, 2020, and identifies the vehicle operated by Plaintiff's Decedent as of the accident subject to this lawsuit as a covered vehicle.

5.      As the driver of a covered vehicle listed under policy number 4365-11-38-46, Plaintiff's Decedent, Vladimir Chen, qualified as an insured under the policy when the accident subject to this lawsuit occurred.

6.      Based upon the foregoing, Plaintiff's Decedent held the policy issued by GEICO.

7.      The extent and nature of the available insurance coverage presently available to respond to Plaintiff's claims is limited to a $300,000.00 Combined Single Limit ("CSL") held by

Defendants Gao and Lam.  Two (2) other related lawsuits have been filed by Defendant Gao and Defendant Scott as plaintiffs.  As such, Defendants Gao and Lam may be underinsured.

8.      Plaintiff seeks a declaration of coverage from the Court pursuant to N.J.S.A. 2A:16-52 and N.J.S.A. 2A:16-53 et seq. that the Plaintiff's Decedent is entitled to UIM benefits in this matter.

9.      In light of the foregoing, Plaintiff hereby requests that GEICO be joined in the within action under the entire controversy doctrine and *Longworth v. Van Houten*, 223 N.J. Super. 174 (App. Div. 1988); *Zirger v. General Accident Insurance*, 144 N.J. 327 (1996) and *Ferrante v. NJM* (A-87-16) (078496), therefore, the within UIM Complaint filed seeking UIM benefits for the Plaintiff for the injuries that Plaintiff's Decedent sustained as a result of the accident.

WHEREFORE, Plaintiff demands judgment against Defendants, GEICO and ABC Insurance Carriers 1-10, for damages, interest, costs of suit and whatever further relief the court deems just, and further demands judgment adjudging and declaring that Plaintiff's Decedent is an insured under the policy of insurance issued by Defendant, GEICO, that the policy is triggered, that the policy be deemed effective and available to Plaintiff, including adjudication and declaration that the matter in question is a UIM claim and that Plaintiff is entitled to UIM benefits from Defendant, GEICO, under the policy.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, Francis J. Leddy, III, Esquire has been designated as trial counsel on behalf of the Plaintiff herein.

## CERTIFICATION

1.      Pursuant to R. 4:5-1, the undersigned hereby certifies that at the time of the filing of this pleading, the matter in controversy is subject of two (2) other actions entitled *Gao v. Tesla, Inc. et al.*, Docket No.: CAM-L-96-22, and *Scott v. Tesla, Inc., et al.*, Docket No.: CAM-L-152-22.

2.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        **CIPRIANI & WERNER, P.C.**

                                        **FRANCIS J. LEDDY, III, ESQ.**
                                        Attorney for Plaintiff, Vikki Chzhen, as
                                        Executrix for the Estate of Vladimir Chen,

Dated: March 16, 2022

## CERTIFICATION OF COMPLIANCE WITH 1:38-7(c)

I, Francis J. Leddy, III, Esquire, certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

                                        **CIPRIANI & WERNER, P.C.**

                                        **FRANCIS J. LEDDY, III, ESQ.**
                                        Attorney for Plaintiff, Vikki Chzhen, as
                                        Executrix for the Estate of Vladimir Chen

Dated: March 16, 2022

## NOTICE PURSUANT TO RULE l :7l(b)

**PLEASE TAKE NOTICE** that to the extent applicable, Plaintiff may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time unit basis, without reference to a specific sum.

**CIPRIANI & WERNER, P.C.**

**FRANCIS J. LEDDY, III, ESQ.**
Attorney for Plaintiff, Vikki Chzhen, as
Executrix for the Estate of Vladimir Chen

Dated: March 16, 2022

## <u>DEMAND FOR ANSWERS TO INTERROGATORIES</u>

Plaintiff hereby request that Defendants answer all Form C and Form C(1) Uniform Interrogatories found in Appendix II of the Rules governing the Courts of the State of New Jersey within the time provided in accordance with Rule 4:17-4, *et seq.* Plaintiff further request that all parties supply copies of any and all answers to interrogatories which they have provided to other parties to this action. Please note that this is a continuing request.

**CIPRIANI & WERNER, P.C.**

**FRANCIS J. LEDDY, III, ESQ.**
Attorney for Plaintiff, Vikki Chzhen, as
Executrix for the Estate of Vladimir Chen

Dated: March 16, 2022

# *EXHIBIT "A"*

| | |
|---|---|
| THE ESTATE OF VLADIMIR CHEN, IRINA CHEN, INDIVIDUALLY, IRINA CHEN, AS GUARDIAN AD LITEM OF ALEK CHEN, AND ERIKA CHEN,<br><br>Plaintiffs<br><br>vs.<br><br>TESLA, INC., KIM LAM, MIKE P. GAO, John Does 1-10 (fictitious entities), ABC Corporations 1-10 (fictitious entities), XYZ Corporations 1-10 (fictitious entities), and ABC Insurance Carriers (fictitious entities), et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - CAMDEN COUNTY<br><br>DOCKET NO. CAM-L-3885-21<br><br>**ORDER** |

**THIS MATTER** having come before the Court on the Motion of Defendant Tesla, Inc. ("Tesla") for entry of an Order Dismissing Plaintiffs' Complaint; and the Court having considered the submissions in support of and in opposition to the Motion; and for good cause shown,

**IT IS** on this 25 day of February, 2022,

**ORDERED** that Tesla Inc.'s Motion is GRANTED; and

**ORDERED** that the Plaintiffs' Complaint be and hereby is hereby **DISMISSED** with prejudice; and

**IT IS FURTHER ORDERED** that Plaintiff is permitted to file a new Complaint under a new docket number.

**IT IS FURTHER ORDERED** that statute of limitations in this matter will not expire until March 22, 2022.

**IT IS FURTHER ORDERED** that a copy of this Order shall be deemed served upon all parties upon its filing into eCourts.

_____
The Hon. Mark K. Chase, J.S.C.

__x_ Opposed

_____ Unopposed

| |
|---|
| **"Reasons set forth on the Record"**<br>**2/25/22 Courtroom 41** |

25806617v1

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-000681-22**

**Case Caption:** CHEN VLADIMIR  VS TESLA, INC.

**Case Initiation Date:** 03/16/2022

**Attorney Name:** FRANCIS J LEDDY III

**Firm Name:** CIPRIANI & WERNER PC

**Address:** 485E ROUTE 1 SOUTH

ISELIN NJ 08830

**Phone:** 8482293300

**Name of Party:** PLAINTIFF : Chen, Vladimir

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Vladimir Chen?** NO

**Are sexual abuse claims alleged by: Vikki Chzhen?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/16/2022
Dated

/s/ FRANCIS J LEDDY III
Signed